UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMI GALLUPE,<br><br>               Plaintiff,<br><br>    v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES INC,<br><br>               Defendant. | CASE NO. C17-1775-MJP<br><br>ORDER ON DEFENDANT MONSANTO COMPANY EMPLOYEE BENEFITS PLAN COMMITTEE'S MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant Monsanto Company Employee Benefits Plan Committee's Motion to Dismiss. (Dkt. No. 18.) Having reviewed the Motion, the Response (Dkt. No. 23), the Reply (Dkt. No. 26) and all related papers, the Court shall convert the Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment under Rule 12(d), and shall continue the motion for ninety days to allow the parties to conduct discovery.

**Background**

Plaintiff seeks a determination of her rights to, and recovery of, short-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff is an employee of the Monsanto Company who claims she is entitled to benefits under the Monsanto

Company Disability Plan (the "Disability Plan"), which is a component of the Monsanto Company Employee Welfare Benefit Plan (the "Welfare Plan") (collectively, the "Plans"). (See Dkt. No. 1 at ¶¶ 4.1-6.) The Monsanto Company Employee Benefits Plans Committee is the named fiduciary of the Plans, but purports to have delegated its fiduciary responsibility to adjudicate disability claims and appeals to Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Id. at ¶¶ 4.8-11; Dkt. No. 18 at 2, 4.)

Around May 4, 2017, Plaintiff claims she became disabled and was unable to work from May 4 through June 18, 2017, and from July 6 through September 4, 2017. (Dkt. No. 1 at ¶¶ 4.15-17.) After her application for short-term disability benefits was denied, Plaintiff submitted an appeal to Sedgwick. (Id. at ¶¶ 4.19-21.) Around November 21, 2017, Sedgwick denied her appeal. (Id. at ¶ 4.22.)

Defendant Monsanto Company Employee Benefits Plans Committee (the "Committee") claims it lacks the discretion to adjudicate disability claims and appeals, and now moves to dismiss the claims brought against it. (See Dkt. No. 18.)

**Discussion**

In general, the Court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment. See Van Buskirk v. CNN, 284 F.2d 977, 980 (9th Cir. 2002). However, even where a document is not attached to the complaint, it may be incorporated by reference if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC

filings." Id. (citations omitted). Where authenticity is not contested, Courts routinely consider plan documents at the motion to dismiss stage in ERISA cases. See, e.g., In re Syncor ERISA Litig., 351 F. Supp. 2d 970, 977-83 (C.D. Cal. 2004); Groves v. Kaiser Found. Health Plan, Inc., 32 F. Supp. 3d 1074, 1079 n.4 (N.D. Cal. 2014); Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

The Committee contends that because Plaintiff's claims derive entirely from the terms of the Plans, the Plan documents may properly be considered by the Court on its motion to dismiss under the doctrine of incorporation by reference. (Dkt. No. 18 at 4.) The Committee submits for the Court's review copies of the Welfare Plan (Dkt. No. 18, Ex. A) and the Disability Plan (Dkt. No. 18, Ex. B).

Plaintiff disputes the authenticity and completeness of the Plan documents. (Dkt. No. 23 at 4-5.) In particular, Plaintiff contends that: (1) the Welfare Plan and the Disability Plan "cannot be the complete Plan documents," as neither includes the Plan's definition of disability that was cited in the letter denying her disability benefits and her appeal; (2) the Disability Plan – the only document by which the Committee purports to delegate fiduciary duties to Sedgwick – is merely a summary plan description, and is not an "enforceable part" of the plan or a "source of the plan's governing terms"; and (3) the Welfare Plan refers to "Insurance Contracts" between the Plan Administrator and Sedgwick – "perhaps including such salient details as the Plan Administrator's formal delegation of its fiduciary duties and the applicable definition of 'disability'" – but no such document is provided. (Dkt. No. 23 at 4-5.)

In its reply, the Committee offers a declaration authenticating the Welfare Plan and Disability Plan and confirming that these are the only operable plan documents. (Dkt. No. 26 at 3; Dkt. No. 27.) The Committee contends that the Disability Plan is the only applicable plan

delineating the rights as between the plan and its beneficiaries, and that "in the absence of another separate plan document, the 'Summary Plan Document' constitutes the plan governing Plaintiff's welfare benefits. (Dkt. No. 26 at 3-4) (citation omitted). Further, the Committee offers the administrative contract confirming that the Committee delegated to Sedgwick its authority to determine disability claims and appeals. (Id. at 4; Dkt. No. 28, Ex. 1 at 18.)

While the Plan documents suggest that the Committee in fact delegated its authority to determine disability claims and appeals to Sedgwick and may properly be dismissed (see Anderson v. Sun Life Assur. of Canada, Inc., 647 Fed. App'x 772, 774 (9th Cir. 2016), vacated on other grounds, 652 Fed. App'x 527 (9th Cir. 2016)), there remains an unresolved dispute as to the authenticity and completeness of these documents. Accordingly, the Court cannot properly rule on the motion to dismiss without first converting it into a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

**Conclusion**

Because the authenticity of the Plan documents is disputed, the Court hereby converts the Committee's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. The parties shall be given an opportunity to conduct discovery and present material relevant to the motion. The motion for summary judgment shall be continued for 90 days, to July 3, 2018. The Committee may file an amended motion regarding its purported delegation of authority on or before June 11, 2018, with the briefing schedule to be set in accordance with Local Rule 7(d)(3).

The clerk is ordered to provide copies of this order to all counsel.

Dated April 4, 2018.

Marsha J. Pechman
United States District Judge