# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TAMI GALLUPE,

           Plaintiff,

   v.

SEDGWICK CLAIMS MANAGEMENT SERVICES INC.; MONSANTO COMPANY DISABILITY PLAN; MONSTANTO COMPANY EMPLOYEE WELFARE BENEFIT PLAN; and MONSANTO COMPANY EMPLOYEE BENEFITS PLAN COMMITTEE,

           Defendants.

CASE NO. C17-1775-MJP

ORDER CLARIFYING THE SCOPE OF THE ADMINISTRATIVE RECORD

THIS MATTER comes before the Court on Plaintiff's Motion to Clarify the Scope of the Administrative Record. (Dkt. No. 61.) Having reviewed the Motion, the Response (Dkt. No. 63), the Reply (Dkt. No. 65), and all related papers, the Court ORDERS as follows:

In an action seeking benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., the administrative record is limited to "the papers the insurer had

when it denied the claim." Montour v. Hartford Life & Acc. Ins. Co., 588 F.3d 623, 632 n.4 (9th Cir. 2009) (citation omitted). The Declaration of Leah Starr ("Starr Declaration") was created on June 18, 2018—more than six months after Plaintiff's claim for benefits was denied—by an employee of Sedgwick Claims Management Service, Inc. ("Sedgwick"), and was not among the papers Sedgwick had when it denied the claim. (See Dkt. No. 64, Ex. A.) Nor is there any evidence properly before the Court showing that Sedgwick had the template letters attached to the Starr Declaration when it denied the claim, or that it relied upon those template letters in its denial.

Therefore, the Court ORDERS that the Starr Declaration and attached exhibits be excluded from the Administrative Record.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 20, 2018.

Marsha J. Pechman
United States District Judge